UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIZABETH NAUMOVSKI,

                          Plaintiff,

  -v-                                                      3:11-CV-1097

BINGHAMTON UNIVERSITY, THE STATE
UNIVERSITY OF NEW YORK; THE STATE
UNIVERSITY OF NEW YORK; JAMES NORRIS;
and NICOLE SCHOLL,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

BOSMAN LAW FIRM, LLC                AJ BOSMAN, ESQ.
Attorneys for Plaintiff
201 West Court Street
Rome, NY 13440

BARBARA D. UNDERWOOD            ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Elizabeth Naumovski ("plaintiff" or "Naumovski"), a former Women's Basketball

Assistant Coach at Binghamton University, the State University of New York ("SUNY

Binghamton"), alleges that she was subjected to discrimination, harassment, and retaliation

on the basis of her sex and perceived sexual orientation in violation of federal law and the United States Constitution.

Naumovski brings claims against Binghamton University, the State University of New York ("SUNY Binghamton"); the State University of New York ("SUNY"); James Norris, SUNY Binghamton Athletic Director ("AD Norris"); and Nicole Scholl, SUNY Binghamton Women's Basketball Head Coach ("Coach Scholl") (collectively "defendants").  Following discovery, defendants moved for summary judgment dismissing the complaint.  On April 17, 2018, a Memorandum-Decision and Order was issued granting in part and denying in part defendants' motion.  ECF No. 50.

As a result of that decision, the following claims were dismissed:  (a) all Title VII (First, Second, Third) and Title IX (Fourth, Fifth, Six) causes of action against Norris and Scholl; (b) all § 1983 (Seventh, Eighth, Ninth) causes of action against SUNY Binghamton and SUNY; (c) all New York State Human Rights Law (Thirteenth, Fourteenth, Fifteenth) causes of action against all defendants; (d) all national origin based (First, Ninth, Tenth, Thirteenth) causes of action against all defendants; (e) all New York State Constitution (Tenth, Eleventh, Twelfth) causes of action against all defendants; (f) the § 1983 First Amendment retaliation (Ninth) cause of action against all defendants; and (g) any and all claims asserted against John and/or Jane Does.

Accordingly, the following claims now remain for trial:  (a) Title VII sex-based discrimination (First), hostile work environment (Second), and retaliation (Third) causes of action against SUNY Binghamton and SUNY; (b) Title IX sex-based discrimination (Fourth), hostile work environment (Fifth), and retaliation (Sixth) causes of action against SUNY Binghamton and SUNY; and (c) § 1983 sex-based discrimination (Eighth) and hostile work

environment (Ninth) causes of action against Norris and Scholl. Trial was scheduled for September 10, 2018 in Utica, New York.[1]

## II. DISCUSSION

Following the issuance of the April 17, 2018 Memorandum-Decision and Order, defendants collectively moved pursuant to Rules 56(b) and 60(b) of the Federal Rules of Civil Procedure, for an order (1) granting qualified immunity to Norris and Scholl on the remaining claim against them; and (2) permitting defendants to file a second motion for summary judgment limited to the claims remaining in this case.[2] Essentially, defendants seek reconsideration of the summary judgment decision. Plaintiff opposed and defendants replied. The motion was considered on its submissions.

Defendants move for relief from the April 17, 2018 Memorandum-Decision and Order on the grounds that (1) the court did not address the issue of qualified immunity, and (2) the defendants were not provided an opportunity to supplement the record with facts directly relevant to a change in the law that occurred after the motion was briefed.

Defendants' motion for reconsideration is untimely. See N.D.N.Y. L.R. 7.1(g) ("[A] party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged . . . order . . . ."); see also Buttner v. RD Palmer Enterprises, Inc., No. 13-cv-0342, 2016 WL 3647878, at *3 (N.D.N.Y. July 1, 2016) (Sannes, J.) ("Because the Reconsideration Motion cannot be construed as a Rule 59 motion to alter or amend a judgment, and is instead an interlocutory motion for reconsideration,

---

[1] Trial has now been rescheduled for February 11, 2019, with pre-trial submissions due on or before noon on January 18, 2019.

[2] On May 17, 2018, defendants Norris and Scholl filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit.

Local Rule 7.1(g) sets the deadline to file the motion."). The Memorandum-Decision and Order from which defendants move is an interlocutory order, not a final one and thus Local Rule 7.1(g) applies. The Memorandum-Decision and Order was filed April 17, 2018 and thus any motion for reconsideration was due May 1, 2018. Defendants filed their motion on May 9, 2018. Defendants' motion therefore must be denied as untimely.

Even if the motion for reconsideration were to be considered, it would be denied. In general, a motion for reconsideration may only be granted in the event of "[I] an intervening change of controlling law, [ii] the availability of new evidence or [iii] the need to correct a clear error of law or prevent manifest injustice." United States v. Zhu, 41 F.Supp.3d 341, 342 (S.D.N.Y. 2014) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is 'well-settled' that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Hernandez v. Doe, No. 16-cv-2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

Defendants have not identified an intervening change in law that the court ignored, any evidence not previously available, or the need to correct a clear error of law. Instead, defendants take issue with the intervening change in the law which occurred after the motion was made and before the decision was rendered. The undersigned considered the change in law in the context of the fully developed and voluminous record submitted by both sides. There has been no showing that a second motion for summary judgment would yield a different result. This 2011 case is trial ready and must proceed.

### III. **CONCLUSION**

Defendants' motion for reconsideration is untimely. Even if considered, their request for an order granting qualified immunity to Norris and Scholl on the remaining claim against them would be denied and their request for permission to file a second motion for summary judgment limited to the claims remaining in this case would be denied.

Therefore, it is

ORDERED that

1. Defendants' motion for reconsideration is DENIED; and

2. Trial is rescheduled for February 11, 2019, with pre-trial submissions due on or before noon on January 18, 2019.

_____
United States District Judge

Dated: September 4, 2018
        Utica, New York.