UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIZABETH NAUMOVSKI,

                    Plaintiff,

   -v-                                              3:11-CV-1097

BINGHAMTON UNIVERSITY, THE STATE
UNIVERSITY OF NEW YORK; and THE STATE
UNIVERSITY OF NEW YORK,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

BOSMAN LAW FIRM, LLC                AJ BOSMAN, ESQ.
Attorneys for Plaintiff
3000 McConnellsville Road
Blossvale, NY 13308

HON. LETITIA JAMES                      ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

    Plaintiff Elizabeth Naumovski, a former Women's Basketball Assistant Coach at Binghamton University, the State University of New York, alleges that she was subjected to discrimination, harassment, and retaliation on the basis of her sex in violation of federal law.

Trial on this mater is scheduled for Monday, October 28, 2019 in Utica, New York on claims against the two remaining defendants.

Binghamton University, the State University of New York ("SUNY Binghamton") and the State University of New York ("SUNY") (collectively "defendants") have filed a motion in limine seeking evidentiary rulings in advance of the October 28, 2019 trial. Plaintiff opposes all of defendants' requests. The motion was taken on its submissions and without oral argument.

## II. DISCUSSION

### 1. Alleged rumors

Defendants contend plaintiff should be excluded from offering her own testimony or that of others regarding rumors that she was having a relationship with J.W. They argue the alleged rumors are hearsay and not permitted under Federal Rule of Evidence 801(c). Plaintiff opposes and contends the evidence is admissible and will not be asserted for the truth of the matter.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement. F.R.E. 801. However, hearsay evidence may be admissible for purposes other than to prove the truth of the matter asserted. See e.g., United States v. Dupree, 706 F.3d 131, 136 (2d Cir. 2013). Evidence about the rumors is directly relevant to plaintiff's discrimination, hostile work environment, and retaliation claims. She does not seek to prove the truth of the rumors, only that the rumors existed. The alleged rumors are relevant to show defendants' awareness of what plaintiff contends is unlawful conduct, as well as their

response or lack thereof to plaintiff's concerns, and the effect that any rumors had on plaintiff.

Defendants' request will be denied and evidence of the alleged rumors will be admissible.

**2.      Anonymous letter to J.W.'s family**

Defendants seek to exclude the anonymous letter sent to J.W.'s family which referenced the alleged relationship between plaintiff and J.W. in highly inflammatory and discriminatory terms. They argue the letter is prejudicial, irrelevant, and lacks foundation, particularly because it is anonymous. Plaintiff opposes and contends the letter should be admitted not for its truth but to show its effect on defendants.

Again, hearsay evidence may be admissible for purposes other than to prove the truth of the matter asserted. Plaintiff alleges the letter influenced Athletic Director James Norris ("Norris"); she was terminated shortly after he learned of it. Therefore, his receipt of the letter is relevant to show any effect it had on him, and others involved in the decision to terminate plaintiff. Further, the letter is admissible as a business record pursuant to Federal Rule of Evidence 803(6); J.W.'s mother provided Norris a copy of the letter when she met with him and he maintained a copy in his file, informed his supervisors, and reportedly did an investigation into its authorship. Finally, to exclude the letter would be highly prejudicial to plaintiff. Should a limiting instruction be necessary due to the inflammatory nature of the letter, such will be given at the appropriate time.

Accordingly, defendants' request will be denied and anonymous letter will be admissible.

- 3 -

### 3. James Norris' testimony about complaints re: plaintiff

Defendants assert Norris should be able to testify about complaints regarding plaintiff made to him from student athletes and parents. Plaintiff opposes and argues any testimony about alleged complaints, made by others to Norris, would be inadmissible hearsay and further, unduly prejudicial.

Again, hearsay evidence that is otherwise inadmissible may be admissible for purposes other than to prove the truth of the matter asserted in the statement. Defendants contend they will offer this testimony not to establish the truth of any complaints, but rather, for the effect these statements had on Norris' state of mind, knowledge, and subsequent decisions. As with the anonymous letter, Norris' receipt of complaints by student athletes or parents is relevant to establish what he had been told or not told, and to explain his subsequent actions or inaction. Further, defendants may use any contemporaneous notes or recordings about the complaints to establish the reliability of Norris' testimony on this topic. As a result, this testimony is not hearsay when used for the aforementioned purpose.

Therefore, defendants' request will be granted and testimony by Norris regarding complaints made about plaintiff will be admissible.

### 4. Plaintiff's damages

Defendants contend plaintiff's trial evidence relating to damages should be limited to information disclosed in discovery in this case. Specifically, they assert plaintiff should be precluded from offering any evidence that she has suffered any economic or reputation related damages attributable to SUNY Binghamton since she was hired as Head Coach at Queens College. Plaintiff opposes and argues she is entitled to present evidence regarding the impact her termination from SUNY Binghamton has had on her career and her distress to

the extent it has continued to harm her. She contends evidence relating to damages is disfavored and should not be curtailed.

During discovery in this case, plaintiff provided the following disclosure: "Plaintiff claims damages based upon emotional injury and harm, physical pain and suffering, damage to reputation, financial loss, medical expenses, and legal fees. Plaintiff will supplement this disclosure with regard to the computation of damages." She later supplemented other parts of her Federal Rule of Civil Procedure 26 initial disclosures, but provided no further information regarding damages nor otherwise provided a computation of damages. Plaintiff testified that she was hired as the Head Women's Basketball Coach at Queens College in August 2011, but that she applied for and was not offered three Assistant Coach positions at three other colleges. However, she has failed to offer evidence connecting defendants' actions to any college's decision not to hire her. Further, plaintiff has not disclosed the particulars of any financial losses, whether loss of earnings, medical expenses, or other economic loss. Therefore, she will be precluded from offering evidence of economic damages.

Accordingly, defendants' request will be granted and plaintiff's evidence on damages will be limited, subject to any developments at trial, to information disclosed during discovery and limited to non-economic damages such as emotional injury and harm, physical pain and suffering, and damage to reputation.

**5.      Evidence at summary judgment**

Defendants assert that during trial, they plan to offer exhibits which plaintiff submitted in opposition to their motion for summary judgment. They contend plaintiff should be precluded from objecting to the admission of those exhibits that she, herself, submitted

during motion practice. Plaintiff opposes and contends such documents are not automatically admissible.

The party moving for summary judgment bears the initial burden of showing, through the production of *admissible* evidence, that no genuine issue of material fact exists. Palencar v. New York Power Auth., No. 5:15-CV-1363, 2019 WL 4918426, at *13 (N.D.N.Y. Oct. 4, 2019) (emphasis added) (citing Salahuddin v. Good, 467 F.3d 263, 272–73 (2d Cir. 2006)). Once the movant meets this initial burden, the non-moving party "must come forward with *admissible* evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment" Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (emphasis added). Plaintiff has not and cannot dispute that evidence submitted in connection with a motion for summary judgment must be in *admissible* form. Therefore, she has waived any objections to the admissibility of evidence which she herself submitted.

Accordingly, defendants' request will be granted and plaintiff will be precluded from objecting to the admissibility of evidence which she submitted in connection with summary judgment.

### 6. **Relationships between coaches and student athletes**

Defendants anticipate that plaintiff will attempt to question witnesses at trial about alleged heterosexual relationships between coaches and student athletes that did not result in a coach's termination or continuos rumors. They assert that plaintiff should be prohibited from questioning any witness on this topic without first offering admissible evidence to that effect. Plaintiff opposes and contends she should be allowed to question witnesses regarding evidence of disparate treatment. She asserts that there is admissible evidence of

discriminatory employment practices at SUNY Binghamton, including male coaches guilty of misconduct.

Evidence regarding defendants' alleged disparate treatment of female employees is relevant to plaintiff's claims of discrimination and retaliation. A showing that her employer treated her less favorably than a similarly situated employee outside her protected group is certainly relevant to her claims. As defendants contend there exists no such admissible evidence, they are free to object to the basis for a witness's testimony, including lack of personal knowledge. Questioning on this topic will be permitted.

Defendants' request will be denied and plaintiff may, if she wishes, question witnesses regarding evidence of disparate treatment.

### 7. Plaintiff's post-SUNY Binghamton record

Finally, defendants contend plaintiff should be excluded from offering evidence about her post-SUNY Binghamton basketball record or accolades. They urge that any evidence or testimony concerning plaintiff's employment at Queens College should be limited to (1) dates of her employment, (2) the position(s) held; and (3) salary and benefit information. Plaintiff opposes and argues that her post-SUNY Binghamton record and accolades are relevant to her performance as a coach and her damages and should not be precluded.

Lost opportunities, harm to reputation, and value as a coach are relevant to plaintiff's damages. She will be permitted to testify as to these topics but will be precluded from offering evidence of specific loss of earnings as no such proof or evidence has been presented.

Accordingly, defendants' request will be denied but plaintiff's testimony will be limited as described herein.

### III. **CONCLUSION**

For all of the above reasons, defendants' motion in limine will be granted in part and denied in part. Counsel are directed to appear at 9:00 a.m. on Monday, October 28, 2019 for a pre-trial conference before jury selection begins.

Therefore, it is

ORDERED that

Defendants' motion in limine is GRANTED in part and DENIED in part as follows:

1. DENIED

2. DENIED

3. GRANTED

4. GRANTED

5. GRANTED

6. DENIED; and

7. DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 24, 2019
         Utica, New York.